OMBLE BOND DICKINSON (US) LLP
John C. Gray (Bar No. 028454)
Patrick E. McCormick (Bar No. 037036)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Email: john.gray@wbd-us.com
       patrick.e.mccormick@wbd-us.com

SHOOK, HARDY & BACON LLP
Jad Sheikali (*pro hac vice*)
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Email: jsheikali@shb.com

*Counsel for Defendant
SimonMed Imaging, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Star Dobson; Andree Guest; Albert Dumas; and Rosemary Hamermaster, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SimonMed Imaging, LLC,<br><br>Defendant. | Case No. 2:25-cv-00527-PHX-SPL<br><br>**DEFENDANT'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD ....................................................................................................... 1

ARGUMENT .................................................................................................................... 1

I.    The Court should dismiss Plaintiffs' negligence claim. ....................................... 1

       A.    Plaintiffs have not adequately alleged a duty of care. ............................ 2

       B.    Plaintiffs have not adequately alleged an injury or causation. ................ 3

II.    The Court should dismiss Plaintiffs' negligence *per se* claim. ............................ 8

III.    The Court should dismiss Plaintiffs' claim for breach of implied contract. ....... 8

IV.    The Court should dismiss Plaintiffs' claim for breach of fiduciary duty. .......... 9

V.    The Court should dismiss Plaintiffs' claim of unjust enrichment. .................... 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Hartford Accident & Indem. Co.*,
  2019 WL 2912861 (C.D. Cal. Mar. 13, 2019) ...................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 1

*Bozek v. Arizona Lab. Force Inc.*,
  2025 WL 264174 (D. Ariz. Jan. 22, 2025) ..................................................... 6, 10

*Cal-Am Props. Inc. v. Edais Eng'g Inc.*,
  253 Ariz. 78 (2022) .............................................................................................. 2

*CDT, Inc. v. Addison, Roberts & Ludwig*,
  198 Ariz. 173 (App. 2000) ................................................................................... 4

*Chanay v. Chittenden*,
  115 Ariz. 32 (1977) .............................................................................................. 8

*Cook v. Orkin Exterminating Co.*,
  227 Ariz. 331 (Ct. App. 2011) ........................................................................ 9, 10

*Craten v. Foster Poultry Farms Inc.*,
  305 F. Supp. 3d 1051 (D. Ariz. 2018) ................................................................. 8

*CVS Pharmacy, Inc. v. Bostwick ex rel. Cnty. of Pima*,
  251 Ariz. 511 (2021) ............................................................................................ 2

*Dehart v. Johnson & Johnson*,
  562 F. Supp. 3d 189 (D. Ariz. 2022) ................................................................... 7

*Destories v. City of Phoenix*,
  154 Ariz. 604 (Ct. App. 1987) ............................................................................. 7

*Diaz v. Phoenix Lubrication Serv., Inc.*,
  224 Ariz. 335 (App. 2010) ................................................................................... 3

*Durgan v. U-Haul Int'l Inc.*,
  2023 WL 7114622 (D. Ariz. Oct. 27, 2023) ........................................................ 6

*Feins v. Goldwater Bank NA*,
  2022 WL 17552440 (D. Ariz. Dec. 9, 2022) .................................................... 7, 9

*Griffey v. Magellan Health Inc.*,
  562 F. Supp. 3d 34 (D. Ariz. 2021) ............................................................ *passim*

*In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 2021 WL 5937742 (D.N.J. Dec. 16, 2021)..................................................11

*In re Banner Health Data Breach Litig.*,
   2017 WL 6763548 (D. Ariz. Dec. 20, 2017)........................................................9

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
   198 F. Supp. 3d 1183 (D. Or. 2016)..................................................................10

*In re Zappos.com, Inc.*,
   108 F. Supp. 3d 949 (D. Nev. 2015) ..................................................................6

*Johnson v. Yuma Reg'l Med. Ctr.*,
   2024 WL 4803881 (D. Ariz. Nov. 15, 2024) ..............................................*passim*

*Pruchnicki v. Envision Healthcare Corp.*,
   845 F. App'x 613 (9th Cir. 2021) ...................................................................4, 5

*Quinalty v. FocusIT LLC*,
   2024 WL 342454 (D. Ariz. Jan. 30, 2024)....................................................2, 3, 5

*Quiroz v. ALCOA Inc.*,
   243 Ariz. 560 (2018) ..........................................................................................2

*Rhoads v. Harvey Pubs., Inc.*,
   145 Ariz. 142 (Ct. App. 1984)..........................................................................10

*Skinner v. Tel-Drug, Inc.*,
   2017 WL 1076376 (D. Ariz. 2017) .........................................................3, 4, 8, 9

*Span v. Maricopa Cnty. Treasurer*,
   246 Ariz. 222 (Ct. App. 2019)..........................................................................10

*Thomas v. Montelucia Villas, LLC*,
   232 Ariz. 92 (2013)............................................................................................9

*Vivian Arnold Realty Co. v. McCormick*,
   19 Ariz. App. 289 (1973)...................................................................................7

*Weber v. Kory*,
   2025 WL 1139186 (Ariz. Ct. App. Apr. 17, 2025) ............................................9

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

**INTRODUCTION**

SimonMed Imaging, LLC is a healthcare provider that employs about 200 radiologists across 11 states. In February 2025, SimonMed was the victim of an attempted ransomware attack. The four Plaintiffs—current and former patients of SimonMed—allege that the attackers exfiltrated a variety of data from SimonMed's files, including names, dates of birth, addresses, passport information, medical records, and Social Security numbers. But critically, Plaintiffs acknowledge that SimonMed was able to rapidly identify and intercept the hackers—and as a result, no data was encrypted.

Plaintiffs nonetheless brought this putative class action asserting five claims: negligence, negligence *per se*, breach of implied contract, breach of fiduciary duty, and unjust enrichment. They each allege, "[u]pon information and belief," that their "Private Information was targeted, accessed, and acquired in the Data Breach," and they seek damages for past and future losses. None of the Plaintiffs, however, actually identifies any specific data that was released as a result of the attack, nor do they allege that their data was actually misused. Instead, Plaintiffs base this lawsuit on the idea that their (unidentified) data is at *risk* of being misused at some (unidentified) point in the future. For these reasons and others, the complaint should be dismissed.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The Court need not accept an allegation as true if it amounts to a "legal conclusion[]" or a "formulaic recitation of the elements of a cause of action." *Id.*

**ARGUMENT**

**I.    The Court should dismiss Plaintiffs' negligence claim.**

To state a claim for negligence under Arizona law, "a plaintiff must prove: (1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of

1

that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages." *CVS Pharmacy, Inc. v. Bostwick ex rel. Cnty. of Pima*, 251 Ariz. 511, 517 (2021). Plaintiffs have failed to adequately allege each of these elements.

### A. Plaintiffs have not adequately alleged a duty of care.

In Arizona, "duty is not presumed; in every negligence case, the plaintiff bears the burden of proving the existence of a duty." *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563 (2018). Such a duty must be "based on either special relationships recognized by the common law or relationships created by public policy." *Id.* Plaintiffs allege that SimonMed took on a duty to safeguard their personal information from third-party theft "[b]y voluntarily undertaking and assuming the responsibility to collect and store this data, and in fact doing so, and sharing and using it for commercial gain." Compl. (Dkt. 13) ¶ 220. Plaintiffs also allege that SimonMed had a similar duty arising from the Federal Trade Commission Act ("FTCA"), the Health Insurance Portability and Accountability Act (HIPAA), and various industry standards. *Id.* ¶¶ 221-29.

A judge in this District recently rejected a similar "undertaking" theory. In *Quinalty v. FocusIT LLC*, 2024 WL 342454 (D. Ariz. Jan. 30, 2024), the plaintiffs alleged that their personal information—including names, dates of birth, addresses, and social security numbers—was compromised in a data breach of the defendant's software. *Id.* at *1. The plaintiffs sued the defendant for negligence under Arizona law, alleging that it "had a duty to use reasonable means to secure its systems and networks because Defendant undertook the responsibility to maintain and secure their PII." *Id.* at *3. The court disagreed for two reasons. One (which does not apply here) was that the defendant did not obtain the data directly from the plaintiffs. *Id.* at *4. The second was that Arizona imposes a "requirement of *physical* harm for liability based on negligent undertaking." *Id.* (emphasis added); *see Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 253 Ariz. 78, 83 (2022) ("We decline to extend [liability for negligent undertaking] beyond . . . liability for physical harm to the people or property that the services sought to protect."). As in *Quinalty*, because "Plaintiffs do not allege

2

any personal harm[, a] duty to Plaintiffs [] does not arise based on a negligent performance of an undertaking." 2024 WL 342454, at *4.[1]

Nor do the FTCA or HIPAA give rise to a duty. "[B]oth acts provide their own enforcement mechanisms and do not create a private right of action *nor provide evidence of duty*." *Johnson v. Yuma Reg'l Med. Ctr.*, 2024 WL 4803881, at *9 (D. Ariz. Nov. 15, 2024) (emphasis added); *see also Gannon v. Truly Nolen of Am. Inc.*, 2023 WL 6536477, at *2 (D. Ariz. Aug. 31, 2023) ("Permitting HIPAA to define the 'duty and liability for breach is no less than a private action to enforce HIPAA, which is precluded.' The same logic applies to the FTCA which has also been held to not create a private right of action" (quoting *Skinner v. Tel-Drug, Inc.*, 2017 WL 1076376, *3 (D. Ariz. 2017))). Industry standards do not create a duty here either. *See Diaz v. Phoenix Lubrication Serv., Inc.*, 224 Ariz. 335, 341 (App. 2010) ("The undisputed facts of the limited undertaking, rather than an alleged industry standard, must form the foundation for determining whether a duty exists").

In short, nothing in the law imposed an *independent* duty on SimonMed to protect the Plaintiffs' data, and SimonMed cannot be held liable for *voluntarily* maintaining that data because, under Arizona law, such liability is cabined to cases involving physical harm. Plaintiffs' negligence claim is therefore a non-starter.

**B.     Plaintiffs have not adequately alleged an injury or causation.**

Even if Plaintiffs had adequately alleged a duty *and* that SimonMed breached this duty, Plaintiffs' negligence claim would still fail because they have not claimed an actual injury resulting from any such breach. The complaint asserts a hodgepodge of injuries, but none is cognizable in Arizona.

---

[1] It does not matter, as Plaintiffs allege, that they are current or former patients of SimonMed. *See* Compl. ¶ 224. Plaintiffs' status as patients did not require SimonMed to maintain an electronic database of their data. As the complaint acknowledges, SimonMed created that database "voluntarily" (*id.* ¶ 220), meaning the negligent-undertaking principles apply.

3

***Increased risk of future harm.*** Plaintiffs largely base their claims on an alleged risk of fraud and identity theft. *See, e.g.*, Compl. ¶¶ 67, 77, 92-93, 122, 140, 149-150, 155, 166, 177, 188, 199, 246-47, 261. But under Arizona law, "[n]egligence 'damage[s] must be actual and appreciable, non-speculative, and more than merely the threat of future harm.'" *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 45 (D. Ariz. 2021) (quoting *CDT, Inc. v. Addison, Roberts & Ludwig*, 198 Ariz. 173, 176-77 (App. 2000)); *see also Gannon*, 2023 WL 6536477, at *3 ("Arizona law requires negligence damages to be more than merely a threat of future harm"); *Johnson v. Yuma Reg'l Med. Ctr.*, 2024 WL 4803881, at *6 (D. Ariz. Nov. 15, 2024) ("Threats of future harm, on their own, are not cognizable negligence injuries."). Plaintiffs do not allege that their data was actually misused following the breach. And although they claim that their risk of harm is "imminent" (Compl. ¶ 245), this claim is both (1) insufficient in Arizona and (2) completely lacking in factual support.

***Invasion of privacy and theft of personal information.*** Plaintiffs claim damages for "invasion of privacy" and "theft of their Private information." Compl. ¶ 246. These bare allegations are insufficient absent a claim that any data has been misused. As one court in this Circuit explained, addressing nearly identical claims:

> First, the loss of privacy engendered by an accidental data breach cannot satisfy the necessary damage element of a negligence claim, without specific factual statements that Plaintiffs' Personal Information has been misused, in the form of an open bank account, or un-reimbursed charges. . . . Second, an alleged loss of property in the form of personal information is insufficient to support a claim for negligence.

*Aguilar v. Hartford Accident & Indem. Co.*, 2019 WL 2912861, at *2 (C.D. Cal. Mar. 13, 2019) (quotation marks omitted); *see also Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("[T]he mere misappropriation of personal information does not establish compensable damages").

***Lost or diminished value of personal information.*** Plaintiffs allege that their data has "lost or diminished value." Compl. ¶ 246; *see also id.* ¶ 147. To survive a

4

motion to dismiss on this theory, "a plaintiff must establish both the existence of a market for her personal information and an impairment of her ability to participate in that market." *Griffey*, 562 F. Supp. 3d at 45; *see also Johnson*, 2024 WL 4803881, at *3 ("Plaintiffs must do more than merely assert general allegations of diminution of value."). Plaintiffs have not adequately alleged either.

Plaintiffs claim that their personal information "is a valuable commodity for which a 'cyber black market' exists." Compl. ¶ 84. But courts in this District have "declin[ed] to recognize the 'dark web' as a legitimate market by which individuals may sell their information." *Griffey*, 562 F. Supp. 3d at 46. That makes sense, because normally a person's data does not *appear* on the dark web until a data breach—and once it is on the dark web, any further breaches (or the original breach) could not possibly affect the "value" of that data. Plaintiffs also claim that they could have sold their data to entities like the Infosec Institute and the Nielsen Corporation. Compl. ¶¶ 142-45. Plaintiffs have not alleged, however, that they ever had any *intention* to sell their data to these entities, much less that the entities demonstrated interest.

In any event, Plaintiffs' complaint does not explain how the value of their data was diminished by the data breach, or that they can no longer sell the data. *See, e.g.*, *Pruchnicki*, 845 F. App'x at 614-15 ("Although . . . [plaintiff's] personal information may have value in general, [plaintiff] failed to adequately allege that *her* personal information actually lost value."); *Quinalty*, 2024 WL 342454, at *5 (D. Ariz. Jan. 30, 2024) ("Plaintiff . . . does not allege she can no longer sell her personal data on the market, nor does she allege she ever has, intends to, or intended to, sell her personal data"). Plaintiffs' "value" allegations are entirely generic.

**Lost benefit of the bargain.** Plaintiffs claim that the data breach deprived them "of the benefit of their bargain" with SimonMed. Compl. ¶ 157. Specifically, Plaintiffs say that "[w]hen agreeing to pay [SimonMed] for medical services, . . . [they] expected that they were, in part, paying for the services and necessary data security to protect the[ir] Private Information." *Id.* According to the Plaintiffs, they

5

"received services that were of a lesser value than what they reasonably expected to receive under the bargains they struck with [SimonMed]." *Id.*

Plaintiffs cannot show, however, that the cost of their medical services was actually affected by SimonMed's maintenance of their data—let alone that this cost would have been *lower* if Plaintiffs had more information about the quality of SimonMed's security. In other words, "Plaintiffs do not allege any specifics to discern the amount they paid that would go towards security practices"; they can only "speculate[]" that SimonMed "recovers those costs by building them into the provision of medical treatment." *Johnson*, 2024 WL 4803881, at *11; *see also Durgan v. U-Haul Int'l Inc.*, 2023 WL 7114622, at *5 (D. Ariz. Oct. 27, 2023) ("Plaintiffs' allegations offer nothing to further a claim that [Defendant] promised or agreed to [security measures] *as part of a bargain.* Indeed, it is difficult to imagine that Plaintiffs could provide as much; Plaintiffs purchased and sought physical storage and rental truck services, not data security."); *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 962 (D. Nev. 2015) ("Plaintiffs do not explain how the data breach impacted the value of the goods they purchased . . . . Nor do Plaintiffs allege facts showing how the price they paid for such goods incorporated some particular sum that was understood by both parties to be allocated towards the protection of customer data").

***Lost time and opportunity costs.*** Plaintiffs allege that they "have spent, and will spend," time on certain "mitigation activities," namely "researching and verifying the legitimacy of the Data Breach." Compl. ¶ 137, 162, 172, 183, 194. Again, this theory does not work in Arizona: "Lost time is not a cognizable injury for negligence claims." *Bozek v. Arizona Lab. Force Inc.*, 2025 WL 264174, at *5 (D. Ariz. Jan. 22, 2025); *see also Griffey*, 562 F. Supp. 3d at 46 ("Plaintiffs' allegations of lost time addressing the data breach . . . are not cognizable injuries for negligence claims."); *Johnson*, 2024 WL 4803881, at *5 (D. Ariz. Nov. 15, 2024). Plaintiffs do not allege any tangible, out-of-pocket expenses or other financial loss,

6

much less that these costs were reasonable to "mitigate" any injuries. In fact, they do not even identify the specific steps they took to investigate the data breach.[2]

***Emotional distress.*** Plaintiffs baldly assert that they "suffer fear, anxiety, and stress" related to the data breach. Compl. ¶¶ 164, 175, 186, 197, 260. "The rule in Arizona is that there can be no recovery for mental disturbance unless physical injury, illness *or* other physical consequence accompany it, *or* physical harm develops as a result of the plaintiff's emotional distress." *Johnson*, 2024 WL 4803881, at *5 (quotation marks omitted); *see Destories v. City of Phoenix*, 154 Ariz. 604, 608 (Ct. App. 1987) (same); *Dehart v. Johnson & Johnson*, 562 F. Supp. 3d 189, 198 (D. Ariz. 2022) (same). Plaintiffs have not claimed any physical consequence.[3]

***Causation.*** Finally, plaintiffs' allegations of causation are as conclusory as they come. They claim that there is "a close causal connection between Defendant's failure to implement security measures . . . and the harm, or risk of imminent harm, suffered," and that their data was "accessed as the proximate result of Defendant's failure to exercise reasonable care." Compl. ¶ 245. But to support that claim, Plaintiffs simply say that "[t]he *occurrence* of the Data Breach indicates that Defendant failed to adequately implement one or more of the [alleged] measures to prevent cyberattacks." *Id.* ¶ 52 (emphasis added). Plaintiffs' view is that because the breach occurred, SimonMed *must* have used inadequate security measures. But "a data breach by itself does not demonstrate an inadequate data security infrastructure." *Feins v. Goldwater Bank NA*, 2022 WL 17552440, at *7 (D. Ariz. Dec. 9, 2022).

---

[2]   The same is true of several allegations Plaintiffs make about various notices, inquiries, and spam communications they received following the breach. Compl. ¶¶ 174, 185, 196. Plaintiffs do not claim that they incurred any costs as a result of these communications, or even that they spent any time responding to them.

[3]   Plaintiffs allege that they have suffered nominal damages. *See* Compl. ¶ 246. Because actual damages are required to support a negligence claim, "nominal damages cannot be awarded where there is a failure to prove those damages." *Vivian Arnold Realty Co. v. McCormick*, 19 Ariz. App. 289, 294 (1973).

7

Because plaintiffs have not adequately alleged a duty, a breach, causation, or a cognizable injury, the Court should dismiss their negligence claim.

## II.  The Court should dismiss Plaintiffs' negligence *per se* claim.

Plaintiffs allege that SimonMed committed negligence *per se* because its conduct violated the FTCA and HIPAA. Compl. ¶¶ 250-64. The Court should dismiss this claim for two independent reasons, in addition to Plaintiffs' failure to allege damages. First, "[n]egligence *per se* is not a cause of action separate from common law negligence"; "[i]t is a doctrine under which"—in certain circumstances—"a plaintiff can establish the duty and breach elements of a negligence claim based on a violation of a statute that supplies the relevant duty of care." *Craten v. Foster Poultry Farms Inc.*, 305 F. Supp. 3d 1051, 1054 n.2 (D. Ariz. 2018); *see also Griffey*, 562 F. Supp. 3d at 47 ("Plaintiffs' negligence *per se* claim will be dismissed with prejudice to the extent that it is a stand-alone claim for relief"). Second, as discussed above, the FTCA and HIPAA "do not . . . provide evidence of duty." *Johnson*, 2024 WL 4803881, at *9 (D. Ariz. Nov. 15, 2024); *see also Gannon*, 2023 WL 6536477, at *2. So Plaintiff may not use these statutes to "suppl[y] the relevant duty of care" for their negligence claim. *Craten*, 305 F. Supp. 3d at 1054 n.2.

## III.  The Court should dismiss Plaintiffs' claim for breach of implied contract.

Plaintiffs allege that SimonMed breached "implied contracts" "to safeguard and protect [Plaintiffs'] information." Compl. ¶¶ 265-84. Not so.

First, "[t]here can be no implied contract where there is an express contract between the parties in reference to the same subject matter." *Chanay v. Chittenden*, 115 Ariz. 32, 35 (1977). Plaintiffs' own complaint alleges that SimonMed "promulgated, adopted, and implemented written privacy policies whereby it *expressly* promised Plaintiffs . . . that it would only disclose Private Information under certain circumstances, none of which related to the Data Breach." Compl. ¶ 237 (emphasis added); *see also id.* ¶¶ 30, 57. The implied-contract claim therefore fails.

8

Second, "[e]ven at the motion to dismiss stage," implied-contract "terms cannot be vaguely pleaded." *Griffey*, 562 F. Supp. 3d at 51. Plaintiffs generally allege that SimonMed implicitly promised to provide them with "confidentiality," "adequate security," and "sufficient notice" of data breaches. Compl. ¶¶ 30, 271. But these are not "contract terms" in any meaningful respect. Plaintiffs do not identify any specific actions that SimonMed agreed to undertake in order to protect the security of their information. Courts have routinely dismissed similarly pleaded claims. *See, e.g.*, *Griffey*, 562 F. Supp. 3d at 51 ("Plaintiffs fail to allege the specific terms of the implied contracts: when and to what extent did the contract apply?"); *Feins v. Goldwater Bank NA*, 2022 WL 17552440, at *7 (D. Ariz. Dec. 9, 2022) ("[T]o the extent Plaintiff contends that Defendant breached some implied contract by not complying with its own written policies, the allegations do not suffice to show that any such non-compliance was beyond what was legally mandated."); *In re Banner Health Data Breach Litig.*, 2017 WL 6763548, at *4 (D. Ariz. Dec. 20, 2017) (same).

Third, "[i]n a breach of contract claim, . . . [t]here must be allegations and proof of real, and not merely possible or speculative damages." *Gannon*, 2023 WL 6536477, at *3 (citing *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96 (2013)). Plaintiffs' contract claim therefore fails for the same reason as their negligence claim.

**IV.   The Court should dismiss Plaintiffs' claim for breach of fiduciary duty.**

Plaintiffs allege that SimonMed breached a "fiduciary duty" "to keep secure [Plaintiffs'] private information." Compl. ¶¶ 285-93. This claim, too, should be dismissed because of Plaintiffs' failure to allege a cognizable injury. *See Weber v. Kory*, 2025 WL 1139186, at *3 (Ariz. Ct. App. Apr. 17, 2025) (describing elements of fiduciary-duty claim, including that "the breach caused damages"). It should also be dismissed because Plaintiffs did not adequately plead a fiduciary relationship.

"A fiduciary relationship has been described as something approximating business agency, professional relationship, or family tie impelling or inducing the trusting party to relax the care and vigilance he would ordinarily exercise." *Cook v.*

9

*Orkin Exterminating Co.*, 227 Ariz. 331, 334 (Ct. App. 2011) (quotation marks omitted). The "relation of the parties must be such that one is bound to act for the benefit of the other, and may be characterized by great intimacy, disclosure of secrets, or intrusting of power." *Id.* (citations, quotation marks, and brackets omitted). omitted). "Generally, commercial transactions do not create a fiduciary relationship unless one party agrees to serve in a fiduciary capacity." *Id.* "[M]ere confidence or implicit faith in another's honesty and integrity" is insufficient to create a fiduciary . . . relationship." *Rhoads v. Harvey Pubs., Inc.*, 145 Ariz. 142, 149 (Ct. App. 1984).

Nothing in Plaintiffs' complaint suggests that SimonMed agreed to take on a sweeping duty to be the "guardian" of Plaintiffs' data. Compl. ¶ 286. To be sure, SimonMed agreed to maintain Plaintiffs' data in its systems. But in data breach cases, courts have declined to find a fiduciary duty on that basis alone. *See, e.g.*, *Bozek*, 2025 WL 264174, at *7 (D. Ariz. Jan. 22, 2025) ("Plaintiffs base their claim on a legal theory that a fiduciary duty exists under a special relationship in which they entrusted their sensitive information to Labor Force as part of their employment. . . . This is insufficient to state a claim."); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 198 F. Supp. 3d 1183, 1203 (D. Or. 2016) ("Plaintiffs' primary argument appears to be that had Plaintiffs known how [defendant] actually would be treating their Sensitive Information, they would not have entered into any relationship with [defendant]. That may or may not support a claim other than breach of fiduciary duty, but it is insufficient to establish a fiduciary relationship").

**V.  The Court should dismiss Plaintiffs' claim of unjust enrichment.**

Finally, Plaintiffs have asserted a claim of unjust enrichment. Compl. ¶¶ 294-306. But they have not adequately alleged two of the elements of this claim: "(1) an enrichment, [and] (2) an impoverishment." *Span v. Maricopa Cnty. Treasurer*, 246 Ariz. 222, 227 (Ct. App. 2019).

Plaintiffs allege that SimonMed "profited from Plaintiffs' retained data and used [it] for business purposes." Compl. ¶ 297. But they do not elaborate on that

assertion, and it is conclusory on its face. *See, e.g.*, *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 2021 WL 5937742, at *18 (D.N.J. Dec. 16, 2021) ("[B]eyond vague allegations that Defendants collected information for 'commercial gain,' the [complaints] contain no facts showing how Defendants reaped monetary benefits or otherwise profited from Plaintiffs' Personal Information." (citation omitted)). Plaintiffs also claim that SimonMed "enriched itself by saving the costs it reasonably should have expended on data security measures." Compl. ¶ 302. But again, Plaintiffs "do not allege any specifics to discern the amount they paid that would go toward security practices." *Johnson*, 2024 WL 4803881, at *11.

In any event, Plaintiffs were not "impoverished" because—as they acknowledge—they "paid money . . . to Defendant in exchange for medical services" and they "*obtained* [those] medical services." Compl. ¶¶ 266, 296, 300 (emphasis added). In other words, Plaintiffs received exactly what they paid for, and there is no basis in the complaint to conclude that they somehow paid extra for SimonMed to maintain their data. *See Griffey*, 562 F. Supp. 3d at 48 ("Plaintiffs who have already received the benefit of their contractual bargain cannot recover under a theory of unjust enrichment" (quotation marks and brackets omitted)).

## CONCLUSION

The Court should dismiss the complaint with prejudice.

11

| | |
|---|---|
| Dated: May 23, 2025 | Respectfully submitted,<br><br>By: /s/ *Jad Sheikali*<br>　　One of Its Attorneys<br><br>WOMBLE BOND DICKINSON (US) LLP<br>John C. Gray (Bar No. 028454)<br>Patrick E. McCormick (Bar No. 037036)<br>201 East Washington Street, Suite 1200<br>Phoenix, AZ 85004<br>Telephone: (602) 262-5311<br>Email: john.gray@wbd-us.com<br>　　　patrick.e.mccormick@wbd-us.com<br><br>SHOOK, HARDY & BACON LLP<br>Jad Sheikali (*pro hac vice*)<br>111 South Wacker Drive, Suite 4700<br>Chicago, IL 60606<br>Telephone: (312) 704-7700<br>Email: jsheikali@shb.com<br><br><br>*Counsel for Defendant*<br>*SimonMed Imaging, LLC* |